

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed January 7, 2026**

**United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| IN RE: § | |
| § | CASE NO.: 26-40097-MXM-11V |
| VALLEY PROPERTY SERVICES – VPS LLC, § | |
| § | CHAPTER: 11V |
| DEBTOR. § | |

### ORDER REQUIRING DEBTOR TO APPEAR THROUGH COUNSEL
*[Relating to ECF No. 1]*

Upon review of the above-captioned bankruptcy case the Court has determined that (i) Debtor is not an individual, and (ii) no attorney has appeared as counsel of record for Debtor. It is well settled law that an entity, such as the Debtor—a Limited Liability Company, may only appear in federal courts through a duly admitted licensed counsel.[1]

It is therefore **ORDERED** as follows:

1. Debtor must retain a duly admitted licenses attorney, and such attorney must make an appearance in the above-captioned bankruptcy case on behalf of Debtor on or before January 20, 2026.

---

[1] *See Rowland v. California Men's Colony*, 506 U.S. 194, 201–202 (1993) ("It has been the law for the better part of two centuries, for example, that a corporation may appear in the federal courts only through licensed counsel."); *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004) (citing *Southwest Express Co. v. ICC*, 670 F.2d 53, 55 (5th Cir. 1982)). This rule is the same in Bankruptcy Courts. *See In re Renaissance Hosp. - Grand Prairie, Inc.*, 399 B.R. 442, 448 (Bankr. N.D. Tex. 2008).

2. If a duly admitted licensed attorney has not entered an appearance on behalf of Debtor on or before January 20, 2026, the above-captioned bankruptcy case shall be **DISMISSED**.

### ### END OF ORDER ###